UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GARY RAY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:11-CV-109-TLS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Report and Recommendation [ECF No. 33] of United States Magistrate Judge Christopher A. Nuechterlein, which was filed on April 16, 2012. In his Report and Recommendation, Judge Nuechterlein recommends that the Commissioner's decision be remanded to supplement the record concerning the hypothetical question asked of the Vocational Expert (VE). Judge Nuechterlein also recommends findings that the Administrative Law Judge (ALJ) made a proper Step Three determination, that the ALJ did not err when he chose to give less weight to a particular medical opinion, and that the ALJ did not err when he failed to seek additional medical testimony.

This Court's review of a magistrate's report and recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

The statute permits objections to the magistrate's report and recommendations to be made within fourteen days of service of a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b) (setting forth

procedures for objecting to a magistrate's report and recommendation and the district court's resolution of any objections).

The Court has reviewed the Report and Recommendation submitted by Judge Nuechterlein and finds that his proposed disposition is well taken. The Defendant argues that, although the record is not clear concerning the hypothetical question asked of the VE, the Court should accept the ALJ's statement that he asked the VE whether jobs exist in the national economy for an individual with the Defendant's residual functional capacity. The Defendant's argument continues, requesting that the Court presume the ALJ must therefore have asked the VE whether jobs exist in the national economy for an individual whose residual functional capacity is limited to simple, repetitive tasks. The Plaintiff points out that the burden of proof shifts to the Commissioner to show that the Plaintiff is "capable of performing work in the national economy." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). Further, the Plaintiff notes that the ALJ's decision "must provide a 'logical bridge' between the evidence and [the ALJ's] conclusions." *Terry v. Astrue*, 580, F.3d 471, 475 (7th Cir. 2009) (quoting *Clifford*, 227 F.3d at 872). Because the Seventh Circuit has "required the ALJ to orient the VE to the totality of a claimant's limitations," *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010), the Plaintiff argues that the record before the Court cannot support the ALJ's Step Five determination.

The Court agrees with the Plaintiff. The Court will remand this case because the Commissioner has failed to meet his burden to show a logical connection between the evidence and the ALJ's conclusion. The form of the ALJ's hypothetical question is potentially case dispositive. *See O'Connor-Spinner*, 627 F.3d at 621. Accordingly, remand and opportunity to

supplement the record is the appropriate disposition. The Court notes, however, that it is also adopting Judge Nuechterlein's recommended findings with respect to the ALJ's Step Three finding, with respect to the weight the ALJ gave to Dr. Monroe's opinion, and with respect to the ALJ's decision not to seek additional medical testimony. Therefore, no supplement to the record is required on those issues.

As of the date of this Order, no objection to the Report and Recommendation has been filed, and the time for making objections has now passed. Having reviewed the Report and Recommendation prepared by Judge Nuechterlein, the Court ADOPTS the Report and Recommendation [ECF No. 33] in its entirety and ACCEPTS the recommended disposition. The Commissioner's decision is REMANDED in order to supplement the record with respect to the hypothetical question asked of the VE.

SO ORDERED on June 26, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION