UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GARY MILLER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:11-cv-109-TLS-CAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On September 28, 2012, Plaintiff, Gary Miller ("Miller"), filed his Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On October 15, 2012, Defendant, Commissioner of Social Security ("Commissioner"), filed a response. Plaintiff filed a reply on October 22, 2012. The undersigned now enters a report and recommendation pursuant to this Court's referral order and 28 U.S.C. 636(b)(1)(B).

**I.　RELEVANT BACKGROUND**

On September 19, 2006, Miller filed an application for disability insurance benefits and supplemental security income, alleging an onset date of May 15, 2006. Miller's application was denied, and after a hearing, an administrative law judge ("ALJ") issued a decision denying Miller's claim.

On March 24, 2011, Miller filed a timely complaint for judicial review of the ALJ's decision. On June 29, 2012, the Court adopted the undersigned's report and recommendation remanding the case to the Social Security Administration ("SSA") in order to supplement the record with respect to the hypothetical question asked of the vocational expert ("VE").

Miller now argues that he is entitled to attorney fees pursuant to the EAJA because he is

the prevailing party and the Commissioner's position was not substantially justified. Miller also requests a cost-of-living adjustment of fees. In total, Miller claims $6,770.84 in attorney fees and asks that the full amount be paid directly to his attorney.

## II. ANALYSIS

The EAJA provides that ". . . a court shall award to a prevailing party other than the United States fees and other expenses, in addition to costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United States or agency was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The Commissioner argues that his position was substantially justified and that Miller's motion for attorney fees under the EAJA was untimely. Therefore, the Commissioner concludes that Miller is not entitled to an award of attorney fees.

### A. Timeliness of Motion for Attorney Fees under the EAJA

An application for attorney fees under the EAJA must be submitted within 30 days of final judgment in an action. 28 U.S.C. § 2412(d)(1)(B). A judgment is considered a "final judgment" when it is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). A judgment in a case where the SSA is a party is no longer appealable when the 60 days for filing an appeal has expired. *See* Fed. R. App. P. 4(a)(1)(B)(ii). In a Social Security case remanded under sentence four of 42 U.S.C. § 405(g), the appeal period for purposes of the EAJA begins upon entry of the final judgment by the district court. *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Therefore,

a claimant has ninety days from the date the final judgment in a sentence four remand case to file a motion for attorney fees under the EAJA. *See Thomas for Brown v. Sullivan*, 785 F. Supp. 788, 791 (C.D. Ill. 1992).

In this case, the final judgment was entered on June 29, 2013. Therefore, Miller had ninety days from that date, or until September 27, 2012, to file a motion for attorney fees under the EAJA. Miller's application, however, was filed one day after the deadline on September 28, 2012. In his motion, however, Miller—through his attorney Annette Rutkowski—erroneously stated: "This motion is brought within the time limit stated in 28 U.S.C. § 2412(d)(1)(B),. . . ." Doc. No. 42 at 1. Seizing upon the timeliness issue, the Commissioner, in the response brief, argued that the motion should be denied because Miller did not file the motion within the statutory limit as his motion stated and because Miller made no showing that equitable tolling was appropriate.

Only after seeing the Commissioner's argument did Miller—through Rutkowski—concede that his motion was late in the reply brief. Rutkowski then asked the Court to invoke equitable tolling because the delay was the result of a business divorce between her attorney and her former law firm. Specifically, Rutkowski affirmed through an affidavit that her contract with her former firm prohibited her access to any of her case files, including Miller's files, from August 30, 2012 until September 27, 2012, so that the firm and Rutkowski could resolve her caseload at the time of her separation from the firm. Rutkowski explained that Miller was represented by an associate of the firm during her "withholding period." Knowing that Miller had been represented, she claimed to have been surprised to learn on September 27, 2012, when she received a CD-ROM including Miller's files, that an EAJA motion for fees had not been

3

"worked by the firm." Doc. No. 45-1 at ¶ 6. Rutkowski then stated: "In the rush to protect the client's interest in fee relief, I erred by relying upon the casenotes therein about the due date. I put together the itemization and fee motion as quickly as I could upon the erroneous date of September 28, 2012." *Id.* Rutkowski claimed to have "worked with diligence to protect [her] client's interest" and asked the Court not to penalize Miller for the error. *Id.* at ¶ 8; Doc. No. 45 at 1.

A nonjurisdictional federal statute of limitations is normally subject to a "rebuttable presumption of equitable tolling." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Id.* at 96. Equitable tolling has been applied to "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* Garden variety claims of excusable neglect do not justify equitable tolling. *Id.*

Here, Rutkowski argues that she acted in good faith and that the circumstances of her business divorce, including the firm's failure to properly protect Miller's interests during the withholding period, should not prevent Miller from applying for an award of fees that he will still owe. She also suggests that the Commissioner will not be prejudiced by allowing Miller's application to go forward.

The Court is not persuaded that the Commissioner will not be prejudiced. It is true that this motion is briefed and there is nothing left for the Commissioner to do in response. However, allowing the motion to go forward leaves open the chance that Miller will be awarded attorney

fees that the Commissioner will have to pay. Even the potential for an award could be prejudicial to the Commissioner.

Regardless, the Court will extend equitable tolling to Miller's motion. Miller got caught in the crossfire between Rutkowski and her former firm. With only Rutkowski's position known, the Court refuses to assign blame specifically to Rutkowski or the firm for the delay of Miller's motion and also refuses to penalize Miller for the attorneys' delay. As a result, the Court will consider the merits of Miller's motion for EAJA attorney fees.

Even so, the Court is concerned that Rutkowski misrepresented that the motion was timely filed under the EAJA when in fact it was not. If Rutkowski proceeded on September 27 and 28, 2012, as she describes in her affidavit, it seems as if she could have—or even should have—known that the statutory deadline had passed. Such knowledge as the result of a review of Miller's file would have been sufficient for the undersigned to recommend that the Court consider the propriety of *sua sponte* sanctions against Rutkowski for intentional misrepresentation in Miller's motion in violation of Rule 11 of the Federal Rules of Civil Procedure.[1] Given the unique circumstances surrounding the return of Miller's file to Rutkowski on September 27, 2012, however, the Court finds the possibility of excusable neglect believable enough to simply advise Rutkowski of the seriousness of her role as her client's attorney and remind her of her obligations to be truthful in all representations to this Court.

### B. Substantial Justification

---

[1] Rule 11(b) requires that an attorney or party certify to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) that any pleading, motion, or other paper submitted to the court is not presented for an improper purpose, (2) that the claims contained therein have a legally sufficient basis, and (3) that the allegations and factual contentions have evidentiary support. Fed. R. Civ. P. 11(b); *see also Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 656 (7th Cir. 2003).

The Commissioner's position includes its position during litigation and during the administrative proceeding. 28 U.S.C. §(d)(2)(D); *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," or in other words, "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). This Court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). A position at odds with the Commissioner's own rulings is not substantially justified. *Id.* at 725. However, the Commissioner's position may be substantially justified even when a district court remands the ALJ's decision if the remand could still lead to a denial of benefits. *Bartrom v. Barnhart*, 33 F. App'x 818, 820 (7th Cir. 2002); *see also Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009).

Here, the Commissioner's position is substantially justified. The Court remanded Miller's case because

> [t]ranscripts of the ALJ's examination of the VE provide no evidence of whether the ALJ properly included Miller's mental limitations in his hypothetical to the VE. *See* Tr.45-47. The transcripts indicate that the ALJ's question at that point was inaudible. The Court recognizes that the ALJ may have properly posed a hypothetical to Miller, but the record does not so indicate. The Court must have a complete record in order to assess whether the ALJ's analysis in this regard was proper.

Doc. No. 33 at 13–14. In this sense, the Court agreed with the Plaintiff that the ALJ's Step Five determination was not supported by substantial evidence in the record. Doc. No. 35 at 2. The Court, however, did not reach any conclusion about whether the hypothetical accurately reflected

6

Miller's cognitive limitations as Miller suggests in his reply brief to this motion. Moreover, the Court specifically found that the ALJ's RFC determination was supported by substantial evidence by affirming the ALJ's decisions on the weight of medical evidence and the completeness of the medical record. *Id.* at 3.

Therefore, the Court's remand is solely based on the need to clarify the record regarding the specific limitations included in the hypothetical presented to the VE, which likely influenced the ALJ's Step Five determination. It remains possible that the ALJ posited a proper hypothetical including all of Miller's limitations as reflected in his properly determined RFC. If so, the ALJ's Step Five determination may not change and Miller may still be denied benefits. Therefore, the Commissioner's position is substantially justified.

### III. CONCLUSION

Considering Miller's motion after applying equitable tolling, the Commissioner's position was substantially justified. Therefore, the undersigned **RECOMMENDS** that the Court **DENY** Miller's motion for EAJA attorney fees. [Doc. No. 42].

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**
>
> **SO ORDERED.**

Dated this 12th day of September, 2013.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
